UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:06-CR-09-KKC

UNITED STATES OF AMERICA,                                                             PLAINTIFF

v.                                              **OPINION AND ORDER**

JUDY HOLBROOK,                                                                          DEFENDANT

* * * * * * * *

This matter is before the Court on Motion of the Defendant, Judy Holbrook, for the Court

to modify the Defendant's sentence, pursuant to 18 U.S.C. § 3582(b) [R. 198].  On July 25, 2006,

Defendant pled guilty to one count of bank fraud under 18 U.S.C. § 1344 and was sentenced by

this Court to a prison term of twelve months and one day, said term beginning May 22, 2007.

Defendant was also ordered to pay restitution in an amount over one million dollars.

Defendant now asks the Court to modify her prison sentence due to extraordinary

hardships related to her family's personal situation.  Defendant cites 18 U.S.C. § 3582(b) for her

Motion.  18 U.S.C. § 3582(b) explains that a sentence of imprisonment may be "(1) modified

pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of

the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if

outside the guideline range, pursuant to the provisions of section 3742."  18 U.S.C. § 3582(b)(1)-

(3) (2000).

Defendant's sentence cannot be reduced pursuant subsection (2) of this statute because

Rule 35 of the Federal Rules of Criminal Procedure is not implicated in this matter.  Rule 35

sentence reductions are only permitted to "correct a sentence that resulted from arithmetical,

technical, or other clear error," FED. R. CRIM. P. 35(a), or upon motion of the government within

one year of sentencing where the defendant "provided substantial assistance in investigating or

prosecuting another person," *id.* (b)(1).  There was no error of any kind in the Defendant's

sentence, and the government has made no motion to this Court to reduce the sentence, only the

Defendant has.  Further, Defendant's sentence cannot be reduced pursuant to subsection (3) of

the statute because there is no allegation that the sentence imposed is outside of the Federal

Sentencing Guidelines ranges.

Finally, Defendant's sentence cannot be reduced pursuant to subsection (1) of the statute

because 18 U.S.C. § 3582(c) is also inapplicable.  18 U.S.C. § 3582(c) states that "the court,

*upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . .

if it finds that (i) extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. §

3582(c)(1)(A)(i) (2000) (emphasis added).  The Defendant, not the Director of the Bureau of

Prisons, has made the sentence reduction motion.  The statute clearly grants the Court discretion

to reduce an imposed sentence for extraordinary hardships, as Defendant pleads, only where the

Director makes a motion for such, rather than the Defendant.  Other provisions of subsection (c)

are similarly inapplicable.  According to 18 U.S.C. § 3582(c)(1)(B), "the court may modify an

imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule

35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B) (2000).  Defendant

has identified no other statutory authority for reducing her sentence, and Rule 35 is inapplicable,

as discussed above.  18 U.S.C. § 3582(c)(2) states that "in the case of a defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has been subsequently

lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment."  18

U.S.C. § 3582(c)(2) (2000).  Defendant makes no allegations that her sentencing range has been subsequently lowered by the Sentencing Commission; this section, therefore, is also inapplicable.

The Court has great sympathy for the obvious troubles and hardships that Defendant's family is presently experiencing.  However, the Court simply has no authority under 18 U.S.C. § 3582 to reduce the Defendant's sentence upon her own motion.  Therefore, the Court must hereby order that Defendant's Motion to Modify Her Sentence [R. 198] be **DENIED**.

Dated this 9th day of January, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**